IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BRENDA LIZ AMIEIRO,**<br>**Plaintiff**<br><br>v.<br><br>**CHARLIE CAR RENTAL, INC., et al.,**<br>**Defendants** | **Civil No. 03-2026 (DRD)** |

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brenda Liz Amieiro filed this lawsuit against Charlie Car Rental, Inc., for personal injuries she sustained in a motor vehicle accident on May 21, 2000. The action is brought pursuant to 31 P.R. Laws Ann. § 5141, 9 P.R. Laws Ann. § 1751 and 26 P.R. Laws Ann. § 2001 (**Docket No. 1**). Jurisdiction is grounded in diversity pursuant to 28 U.S.C. § 1332.

Defendant Charlie Car Rental, Inc. moves for summary judgment asserting there are no genuine issues of fact in controversy and because plaintiff has failed to join a necessary party to the action (**Docket No. 18**). Plaintiff opposes the motion and the Defendant filed a reply to the same (**Docket Nos. 26, 31**). Thereafter, the motion was referred to the undersigned for a Report and Recommendation (**Docket Nos. 43, 44**).

I. **Procedural and Factual Background**

Charlie Car Rental, Inc. (hereafter "Charlie Car") is a Puerto Rico corporation whose business is renting or leasing motor vehicles. Its principal place of business in Carolina, Puerto Rico. Carmelo Crespo-Mercado (hereafter "Crespo") is a resident of Brooklyn, New York and leased a car from Charlie Car. He was driving the vehicle on May 21, 2000, when a head on collision took place. Plaintiff Brenda Liz Amieiro (hereafter "Amieiro"), Crespo's distant cousin, was a passenger in the vehicle Crespo was driving. Maximino Henríquez-González (hereafter "Henríquez") was the driver of the other vehicle involved in the accident. Neither Henríquez nor Crespo are named as defendants in this action.

During his deposition Crespo testified that there were no mechanical problems with

the vehicle he rented from Charlie Car. On the evening of the accident the vehicle driven by Henríquez drove into Crespo's lane of traffic. The road was straight and level, and the weather was clear. Crespo's vision was not obstructed. Henríquez's car left his lane and drove into the direction of Crespo's lane, head on. Crespo testified that when he saw the car, he did not expect to come into his lane and he froze. He did not have time to press the brakes because the accident happened so quickly. Nor did Crespo take any evasive actions. The plaintiff sustained serious injuries.

After the accident a blood test was administered and Henríquez was found to be legally intoxicated while driving. He was criminally charged for driving while intoxicated and with gross negligence. Henríquez plead guilty to the charge of driving while intoxicated.

## II. Motion for Summary Judgment

### A. Legal Standard

Summary judgment is appropriate when the evidence before the court shows that "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c)." *Seaboard Sur. Co. v. Greenfield Middle Sch. Bldg. Comm.,* 370 F.3d 215, 218 (1st Cir. 2004). When ruling on a motion of summary judgment, the court "must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences. *Cox v. Hainey,* 391 F.3d 25, 27 (1st Cir. 2004). While carrying out that task, the Court safely can ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Suárez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000) (quoting *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

An issue is "genuine" for purposes of summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a "material fact" is one which "might affect the outcome of the suit under the governing law." *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90 (1st Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The nonmovant bears "the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe." *Mulvihill v. Top-Flite Golf Co.,* 335 F.3d 15, 19 (1st Cir. 2003). Those facts, typically set forth in affidavits, depositions, and the like, must have evidentiary value; as a rule, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Vásquez v. López-Rosario,* 134 F.3d 28, 33 (1st Cir. 1998). Finally, it is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

**B.  Necessary Party**

Charlie Car argues that the complaint fails to name the party who is actually responsible for the motor vehicle accident, Maximino Henríquez. Amieiro contends that it is not necessary to join Henríquez inasmuch as the accident occurred due to the combined negligence of the drivers.

It is well established that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990); *Baker v. Westin Rio Mar Beach Resort, Inc.*, 194 F.R.D. 393 (D.P.R. 2000); *In re Rio Piedras Explosion Litigation*, 179 F.R.D. 59 (D.P.R. 1998). "[A] person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20." *Pujol v. Shearson Am. Express, Inc.*, 877 F.2d 132, 137 (1st Cir. 1989). More so, one tortfeasor does not compel the joinder of other tortfeasors. *See Flynn v. Hubbard,* 782 F.2d 1084, 1089 (1st Cir.1986), *Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 505 (7th Cir.1980).

Inasmuch as it appears that Henríquez is a joint tortfeasor, the plaintiff is not compelled to join him as a party defendant. Hence, as a matter of law, summary judgment is not appropriate as to this issue. The undersigned notes, however, that Charlie Car always has option of joining Maximino Henríquez as a third party defendant pursuant to Fed.R.Civ.P. 14. *See Baker v. Westin Rio Mar Beach Resort, Inc.,* 194 F.R.D. 393, 387 (D.P.R. 2000)

Civil No. 03-2026(DRD) Page 4

---

(joinder of a non-diverse third-party defendant does not destroy diversity between the original plaintiff and defendant).

### C. Negligence

Charlie Car also moves for summary judgment on the basis that Amieiro cannot establish negligence to establish liability on its behalf. Amieiro responds that issues of fact remain in dispute.

This matter is based upon diversity jurisdiction and as a result the substantive law of Puerto Rico controls. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Rolón-Alvarado v. Municipality of San Juan,* 1 F.3d 74, 77 (1st Cir. 1993). Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, prescribes liability on any person or entity which, by his, her, or its negligent acts or omissions, causes harm or damage. Generally, "Puerto Rico law defines negligence as the failure to exercise due diligence to avoid foreseeable risks." *Woods-Leber v. Hyatt Hotels of Puerto Rico,* 124 F.3d 47, 50 (1st Cir. 1997).

To recover on a negligence theory, a plaintiff suing for personal injuries under Article 1802 must demonstrate (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortuous conduct. *Id.* Under Puerto Rico law, a legal duty arises in one of three ways: (1) by statute, regulation, ordinance, by law or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. *See De-Jesús-Adorno v. Browning Ferris Inds. of Puerto Rico, Inc.,* 160 F.3d 839 (1st Cir.1998).

Here, Plaintiff alleges that Charlie Car is liable for her damages pursuant to 9 P.R. Laws Ann. § 1751, repealed January 7, 2000, Act No. 22, § 28.02, effective one year after January 7, 2000. Section 1751 provided that the owner of a motor vehicle shall be liable for damages and losses caused through guilt or negligence by operation of such vehicle by or under the physical and actual control of any person who, for the main purposes of operating it, or of having or allowing it to be operated by a third person, obtains possession thereof by express

or tacit authorization of its owner. Also under § 1751 the person for whose negligence the owner of a vehicle is to answer under the foregoing provision shall be bound to indemnify said owner. *Id.* Amieiro also relies on 26 P.R. Laws Ann. § 2001, which states that " [t]he insurer issuing a policy insuring any person against loss or damage through legal liability for the bodily injury, death, or damage to property of a third person, shall become absolutely liable whenever a loss covered by the policy occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence."

A leasing company may be held jointly liable for the damage caused by the driver of the leased car. *Nieves-Vélez v. Bansander Leasing Corp.,* 136 P.R.Dec. 827, 94 JTS 115 (1994). Charlie Car does not take exception to this principle, but the gist of Charlie Car's argument is that the facts do not show negligence on the part of Crespo, which in turn relieves it from any liability towards Amieiro. The facts before the Court that support Amieiro's claim and position are weak, very weak. Nonetheless, as is well-known, the Court must construe the facts in the light most favorable to the non-moving party, here Amieiro. To defeat summary judgment, Amieiro points to the deposition testimony of Crespo and points to Crespo's admissions which reflect that when the car driven by Henríquez came into his lane, he did nothing and "froze". He saw the errant vehicle but did not brake or take evasive measures with the car he was driving. While very slight, it is at this juncture barely sufficient to defeat summary judgment on the issue of negligence. More so, inasmuch as, the issue of negligence is to be determined by the factfinder. Accordingly, summary judgment is inappropriate.

**III.   Conclusion**

Based upon the foregoing analysis, this Magistrate-Judge **RECOMMENDS** that the Motion for Summary Judgment (**Docket No. 18**) be **DENIED.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must

be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 10th day of August, 2005.

**S/AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**