UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**BRENDA LIZ AMIEIRO,**

    Plaintiff,

    v.

**CHARLIE CAR RENTAL, INC., et al.,**

    Defendants.

CIVIL NO. 03-2026 (DRD)

**OPINION AND ORDER**

Plaintiff, Brenda Liz Amieiro, filed the instant case pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, on September 2, 2003. (Docket No. 1). The instant case is a claim for damages pursuant to local law suffered by a passenger against a rented vehicle company for damages caused by the driver of the rented vehicle.[1] On June 8, 2005, the Court referred this case to Magistrate Judge Aida M. Delgado for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B); FED.R.CIV. P. 72(b); and Local Rule 503. (Docket Nos. 43, 44). The Magistrate filed a Report and Recommendation ("R & R") on August 12, 2005 (Docket No. 46). In her report, the Magistrate recommended that the motion to dismiss filed by co-defendant Charlie Car Rental, Inc. ("Charlie") be denied. Charlie filed its objections thereto, on August 19, 2005. (Docket No. 47). After considering Charlie's objections, and reviewing de novo the R& R, the Court determines to **DENY** the brevis disposition request. (Docket No. 18).

**I. STANDARDS OF REVIEW**

*A. Magistrate's Report and Recommendation*

The District Court may refer dispositive motions to a United States Magistrate Judge for a

---

[1] Because this case is in diversity jurisdiction pursuant to 28 U.S.C. §1332, the Court must apply local Puerto Rican law. *See* Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 491 (1941); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Crellin Techs., Inc. v. Equipmentlease Corp., 18 F.3d 1, 4 (1st Cir. 1994).

Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED.R.CIV. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 510.2(A); FED.R.CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

See 28 U.S.C. § 636(b)(1).

However, pursuant to FED.R.CIV. P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

B. *Motion for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of Puerto Rico, p.202-212 (2000).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89 (1968), reh'g denied, 393 U.S. 901 (1968).

## II. UNCONTESTED FACTS

The instant complaint arises out of a vehicular accident occurred on May 21, 2000 in Cabo Rojo, Puerto Rico. At approximately 10:30 p.m. on said date, Carmelo Crespo ("Crespo"), while

driving a vehicle he had leased from Charlie, was struck head-on by another driven by Maximino Hernández ("Hernández"), who was later found to be driving under the influence. *Statement of Uncontested Facts*, ¶¶ 4, 6, 17, 22[2] (Docket No. 19). The accident occurred on highway 100, while the plaintiff was seated as a passenger in the front seat of the vehicle Crespo was driving and belonging to Charlie Car Rental. Apparently, Hernández' vehicle, which was driven in the contrary direction to Crespo's, invaded the lane occupied by Crespo's car causing the collision. Id., ¶¶ 6, 9, 22, 24.[3]

### III. LEGAL ANALYSIS

Charlie's opposition to the magistrate's report and recommendation was two fold. First, Charlie alleges that the magistrate erred in denying summary judgment considering the alleged uncontested fact that Crespo had a mere second to react to Henríquez' vehicle. (Docket No. 47, p. 6). Thus, Charlie claims, the magistrate's denial of summary judgment based on Crespo's statements to the effect that he "froze" upon seeing Henríquez' vehicle invade his lane is incorrect. Secondly, Charlie reiterates its claim that dismissal is warranted due to the plaintiff's failure to include Henríquez in the complaint, since he is a necessary party. (Docket No. 47, p. 10).

With regards to the negligence cause of action, the magistrate concluded that while the plaintiff's case was tenuous at best, summary judgment was unwarranted due to Crespo's admission that upon seeing Hernández' car invade his lane, he did nothing and "froze." (Docket No. 46, p. 5). The magistrate apparently reasoned, while not expressly saying so, that such an admission creates an issue of material fact as to whether Crespo's conduct, or lack thereof, constitutes negligence. The Court first notes that the time between when Hernández invaded Crespo's lane and the collision is not, as defendant alleges, uncontested. In fact, in her statement of contested facts, the plaintiff specifically denies that the accident "occurr[ed] almost instantly," instead alleging that Crespo had time to maneuver and avoid the collision, but failed to do so. Thus, Charlie's assertion that Crespo had merely

---

[2] While plaintiff did oppose said statement, she does not claim that Henríquez was not the driver of the vehicle which struck Crespo's.

[3] Statements 22 and 24, while contested, do not controvert the fact that the Hernández-driven vehicle invaded the on-coming traffic lane occupied by Crespo, colliding with Crespo's vehicle.

one second to react was duly contested. While the Court agrees with the magistrate that the plaintiff's case lack much muster, it must also be mindful that, at this stage of the proceedings, evidence and credibility may not be weighed. *See* Vélez-Gómez v. SMA Life Insurance Co., 8 F. 3d. 873, 877 (1ST Cir. 1993) (at the summary judgment stage there is no room for credibility determinations, nor weighing of conflicting evidence). Thus, Crespo's own statements as to his inaction during the moments prior to the collision create an issue as to his responsibility. Whether that issue ultimately is sufficient to carry he plaintiff to victory is not an issue that can be disposed of via summary judgment. Hence, the Court **ADOPTS** Magistrate Delgado's Report and Recommendation suggesting **DENIAL** of Charlie's motion for summary judgment as to the plaintiff's negligence claim.

Lastly, Charlie contends that the magistrate did not use the required three prong test to determine whether Hernández was a necessary party. The Court disagrees. While the magistrate may not have express the aforementioned method, it did discuss the first prong of such test, namely whether Hernández presence was necessary. As correctly outlined by the magistrate, all joint tortfeasors need not be named in a suit. Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7 (1990); Baker v. Westin Rio Mar Beach Resort, Inc., 194 F.R.D. 393 (D.P.R. 2000); Pujol v. Shearson American Express, Inc., 87 F.2d 132, 137 (1st Cir. 1989). In its opposition, Charlie does not challenge this fact, relying on basically the same arguments as in his motion for summary judgment. Consequently, the Court **ADOPTS** Magistrate Delgado's recommendation that Charlie's request for summary judgment on necessary party grounds is hereby **DENIED**.

## VII. CONCLUSION

**WHEREFORE**, Charlie's motion for summary judgment is hereby **DENIED**. The Court hereby **ADOPTS** *in toto* Magistrate Delgado's Report and Recommendation (Docket No. 46). The Court schedules a **Status/Settlement Conference for the 5th day of October 2005 at 5:30 p.m.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2005.

> S/DANIEL R. DOMINGUEZ
> DANIEL R. DOMINGUEZ
> U.S. DISTRICT JUDGE